IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clay Massi, | ) | C/A No. 0:10-265-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Phil Lomonaco and Law Offices of A. Philip Lomonaco, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Clay Massi ("Massi"), who is self-represented, filed this tort action pursuant to 28 U.S.C. § 1332 against his former attorney, Phil Lomonaco ("Lomonaco"), who is also proceeding *pro se*, and Lomonaco's law firm. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Lomonaco's motion to dismiss for improper venue or, in the alternative, to transfer venue to the United States District Court for the Eastern District of Tennessee. (Docket Entry 15.) Massi filed opposition to Lomonaco's motion (Docket Entry 19) and Lomonaco filed a reply (Docket Entry 21). Having carefully reviewed the parties' submissions and the governing law, the court concludes that this matter should be transferred to the Eastern District of Tennessee.

**BACKGROUND**

Massi currently resides in Rock Hill, South Carolina and formerly lived in Knox County, Tennessee. Lomonaco resides and practices law in Knoxville, Tennessee. Lomonaco formerly represented Massi in a lawsuit litigated in the Eastern District of Tennessee against Walgreen Co.

("Walgreens") based on the wrongful filling of a prescription.  See C/A No. 3:05-cv-425 (Guyton).  In the current action, Massi appears to assert claims of malpractice and civil conspiracy.

## DISCUSSION

When an action is based solely on diversity of citizenship under 28 U.S.C. § 1332, venue is proper *only* in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391.  Since the 1990 amendments to § 1391, the district where the plaintiff resides is no longer a proper venue in diversity actions.  See 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3804 at 139-40 (3d ed. 2007) (discussing amendments to § 1391 and noting that "the current general venue statute does not make any provision for venue to be based on the plaintiff's residence").

Here, Lomonaco resides in Tennessee.[1]  Accordingly, venue is proper in the Eastern District of Tennessee under § 1391(a)(1).  Additionally, Massi states that his claims in this action are based upon Lomonaco's actions during the trial of his case that was litigated in Tennessee and following the trial when Lomonaco allegedly conspired with Walgreens to Massi's detriment.  It therefore appears that a substantial part—if not all—of the events giving rise to his claims occurred in Tennessee and not South Carolina.  Although Massi argues that the witnesses and documents

---

[1] Although "Law Offices of A. Phillip Lomonaco" is also listed as a defendant, there is no evidence in the record as to what type of entity the law firm is.  There is also no evidence in the record, however, that the law firm "resides" in any state other than Tennessee for purposes of determining venue.  See 28 U.S.C. § 1391.



supporting his claims are not all located in Tennessee, these facts, even if true, do not change the fact that Lomonaco's allegedly tortious actions took place there. See Saferstein v. Paul, Mardinly, Durham, James. Flandreau & Rodger, P.C., 927 F. Supp. 731, 736 (S.D.N.Y. 1996) (holding that venue for various tort claims, including legal malpractice and fraud or conspiracy, was only proper in the districts where the defendant attorneys resided, prepared for, and litigated the underlying action); see also Mitrano v. Hawes, 377 F.3d 402 (4th Cir. 2004) (holding that the court should review the entire sequence of events underlying the claim in determining whether events or omissions are substantial to support venue). Any argument that Massi has suffered monetarily in this district from Lomonaco's alleged malpractice and conspiracy is insufficient to confer venue in the District of South Carolina. "Most courts have found that the suffering of economic harm within a district is not sufficient without more to warrant transactional venue in that district. This is probably the correct view, because otherwise venue almost always would be proper at the place of the plaintiff's residence, an option that Congress explicitly removed with the 1990 amendments . . . ." Wright, Miller & Cooper, supra § 3806.1 at 214-15. Thus, under § 1391(a)(2), venue again lies only in Tennessee.[2]

Massi essentially argues that Tennessee is an inconvenient forum because he is disabled and has difficulty traveling, and because, as stated above, not all of the witnesses and documents are located there. However, while 28 U.S.C. § 1404(a) permits a district court to transfer venue to another district for the convenience of the parties and witnesses, this may be done only to a district where the action "might have been brought." Since venue is not proper in South Carolina, the

---

[2] Subsection (a)(3) of § 1391 applies only if there is no district in which the action otherwise may be brought. Since venue is proper in the Eastern District of Tennessee under both (a)(1) and (a)(2), subsection (a)(3) is not triggered.

*PJG*

consideration of the plaintiff's convenience in litigating here under § 1404(a) does not come into play.[3]

**RECOMMENDATION**

Venue is not proper in the District of South Carolina. See 28 U.S.C. § 1391(a). When venue lies in a district other than where the case is brought, 28 U.S.C. § 1406(a) permits the court, in the interest of justice, to transfer the case to a district where the case could have been brought rather than dismiss it for improper venue. Accordingly, the court recommends that Lomonaco's motion be granted in part and that this matter be transferred to the Eastern District of Tennessee.[4]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Massi's argument that requiring him to litigate the case in Tennessee would discriminate against him in violation of the Rehabilitation Act of 1973 Section 504 is without merit. (See Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 8, Docket Entry 19 at 8.)

[4] Massi's pending motion to compel (Docket Entry 20), should remain on the docket to be addressed by the court after transfer. The court observes that Massi has requested expedited consideration of that motion.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).